IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| KARL REYNOLDS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | **Civil Action No. 5:05-0410** |
| ) | **(Criminal Action No. 5:95-0071-01)** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 16, 2005, Movant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody.[1] (Document No. 390.) Movant alleges that he should be re-sentenced in light of the Supreme Court's decisions in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Id.) Movant further asserts that the District Court improperly determined his relevant conduct in sentencing him. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 391.)

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." From the record available to the Court, it appears that Movant's Motion in this case is successive and

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Movant filed his Motion in this case without first obtaining certification from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3). Accordingly, the District Court is without jurisdiction to consider Movant's Section 2255 Motion. Additionally, overlooking the Court's lack of jurisdiction, it is clear that Movant's Blakely/Booker claims are without merit as the Supreme Court's decisions in those cases occurred well after Movant's conviction and sentence became final and are not retroactive and in any event Blakely/Booker would have had no effect even if they could be applied. This case must therefore be dismissed.

## PROCEDURE AND FACTS

On October 23, 1995, Movant pled guilty in this District Court to one count of Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. § 846. (Criminal No. 5:95-0071-01, Document No. 159.) On January 19, 1996, the District Court sentenced Movant to a 210-month term of imprisonment to be followed by a five-year term of supervised release. (Id., Document No. 195.) The District Court also imposed a $5,000 fine. (Id.) Movant appealed his sentence to the Fourth Circuit Court of Appeals. (Id., Document Nos. 201 and 207.) Movant argued on appeal that the District Court erred in (1) sentencing him under the crack cocaine guidelines when he pled guilty to a "cocaine base" conspiracy, (2) determining his relevant conduct as between 150 and 500 grams of crack cocaine, and (3) failing to depart from the Sentencing Guidelines based on the disproportionate nature of the Guidelines for cocaine base and cocaine powder.[2] On April 15, 1997, the Fourth Circuit affirmed Movant's sentence. United States v. Reynolds, 111 F.3d 130 (4th Cir. 1997).

---

[2] The undersigned notes that on March 5, 2008, Movant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 in view of the November 1, 2007, retroactive amendment of the United States Sentencing Guidelines respecting cocaine base. (Document No. 407.) The District Court has recently considered Movant's Motion and found that Movant's sentence should not be reduced. (Document No. 421.) Movant has appealed the District Court's ruling in this regard (Document No. 422.), and his appeal is pending.

On May 5, 1998, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. (Civil Action No. 5:98-0381, Document No. 321) Movant alleged the following grounds: (1) the District Court erred by considering improper sentencing factors in its calculation of his offense level and sentencing range; and (2) ineffective assistance of counsel in violation of the Sixth Amendment. (Id.) United States Magistrate Judge Stanley entered Proposed Findings and Recommendation on November 30, 1998, recommending that Movant's Motion be denied. (Id., Document No. 343.) On December 28, 1998, Movant timely filed objections. (Id., Document No. 348.) By Order entered on January 12, 1999, the District Court overruled his objections and dismissed his case. (Id., Document No. 350.) Movant appealed to the Fourth Circuit Court of Appeal. (Id., Document Nos. 353 and 355.) On August 6, 1999, the Fourth Circuit denied Movant's certificate for appealability and dismissed the appeal. U.S. v. Reynolds, 187 F.3d 632 (4th Cir. 1999).

On August 14, 2000, Movant filed a Motion for Extension of Time to File a Section 2241 *Habeas Corpus* Petition. (Civil Action No. 5:00-0074, Document No. 1.) United States Magistrate Judge Stanley entered Proposed Findings and Recommendation on August 25, 2000, recommending that the District Court deny and dismiss Movant's Request for an Extension of Time. (Id., Document No. 3.) By Order entered on September 19, 2000, the District Court denied Movant's request and dismissed his case. (Id., Document No. 4.)

On May 16, 2005, Movant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody. (Document No. 390.) Movant alleges that his sentence should be corrected in light of the Supreme Court's decisions in Booker and Blakely. Specifically, Movant states that "the District Court's sentencing scheme rendered [his] sentence unconstitutional when it sentenced [him] by a preponderance of the evidence standard, and enhanced [his] sentence pursuant to § 3B1.1(c) by two levels for his role in the offense, and pursuant to

3

§ 2D1.1(b)(1) by two levels for possession of a firearm, when [he] neither admitted these enhancements nor did a jury find him guilty of them beyond a reasonable doubt." (Id., pp. 9 - 10.) Movant further argues that the District Court improperly determined that his relevant conduct was in the range of "150 to 500 grams of crack cocaine when neither the quantity nor type was presented in his plea agreement or admitted by [him] during his plea hearing." (Id., p. 10.) Movant contends that "his sentence should have been calculated at Category One, Level 28, instead of Category One, Level 35." (Id., p. 8.)

## ANALYSIS

This is Movant's second or successive Motion under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals." "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A).[3] Movant has not obtained the necessary authorization from the Fourth Circuit

---

[3] Title 28, Section 2244(b)(3) provides as follows:

    (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

Court of Appeals for his successive Motion. Accordingly, this Court is prevented by statute, 28 U.S.C. §§ 2244(b)(3) and 2255, from entertaining Movant's Motion. The undersigned notes that even if Movant had obtained the necessary authorization from the Fourth Circuit to file a successive Motion, his argument that he should be re-sentenced pursuant to Booker and Blakey is without merit. Movant's conviction became final prior to the Booker decision. The Booker holding applies "to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." Booker, 534 U.S. at 267, 125 S. Ct. at 769 (*quoting* Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). Additionally, the Fourth Circuit Court of Appeals has concluded that Booker does not apply retroactively to persons whose convictions were final prior to the Supreme Court's decision. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). Finally, even if Blakely/Booker could be found to apply, no change in Movant's sentence would be in order. In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362 - 2363, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[4] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In Booker, the

---

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

[4] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756. Movant's sentence of 210 months in prison did not exceed the prescribed statutory maximum authorized by the facts established through his conviction of violating 21 U.S.C. § 846. Accordingly Blakely/Booker can have no bearing upon his sentence. Additionally, Movant's Blakely/Booker claim is not cognizable in these collateral proceedings. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), *cert. denied*, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .." Accordingly, Movant's Section 2255 Motion must be denied.

### PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Document No. 390.) and remove this matter from the Court's docket.

Movant is hereby notified that this "Proposed Findings and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Movant shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific

written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Movant whose current address is as it appears in the record

> Mr. Karl Reynolds
> No. 04867-088
> FCI Allenwood, Unit 1
> Post Office Box 2000
> White Deer, PA 17887.

ENTER: July 22, 2008.

R. Clarke VanDervort
United States Magistrate Judge